IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE


| KIMBERLY BROOKS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| VS. | ) | No. 14-2809-JDT |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANT COMMISSIONER

Plaintiff *pro se* filed this complaint against the Commissioner of Social Security, seeking judicial review of an unfavorable decision by the Appeals Council that was purportedly issued on October 20, 2014. The Commissioner has moved the court to dismiss Plaintiff's complaint on the grounds that no such decision was issued and, additionally, Plaintiff has not exhausted his administrative remedies [DE# 8]. Plaintiff has not responded to the motion. For the reasons set forth below, the motion to dismiss is GRANTED.

Sections §§ 405(g) and (h) of Title 42 of the United States Code authorize judicial review in cases arising under the Social Security Act ("Act). These provisions form the exclusive basis for jurisdiction in cases arising under the Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such

> decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

When a right, such as the right to sue, is created by statute and the statute provides a special remedy, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 331 (1919). Congress has explicitly stated that, in claims arising under the Act, judicial review is permitted only in accordance with § 405(g), as limited by § 405. Thus, a claimant must exhaust administrative appeal remedies and receive a "final decision of the Commissioner of Social Security made after a hearing," Weinberger v. Salfi, 422 U.S. 749, 763 (1975), before filing an action in federal court.

The meaning of "final decision" "is left to the [Commissioner] to flesh out by regulation." Id. at 767. The regulations provide a four-step administrative review process that a claimant must complete. See Schweiker v. Chilicky, 487 U.S. 412, 424 (1988); see also 20 C.F.R. § 404.900(a) ("When you have completed the steps of the administrative review process . . . we will have made our final decision"); 20 C.F.R. §§ 404.902, 404.907, 404.929, 404.967 (outlining the progress through the four-step review process, including initial determination, reconsideration, ALJ hearing, and requesting Appeals Council review). If the claimant does not exercise administrative appeal rights, the administrative determination

becomes binding. See 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981. If he completes the administrative appeals process and receives (1) a decision by the Appeals Council or (2) notice that the Appeals Council is denying his request for review, he obtains a "final decision." See 20 C.F.R. §§ 404.981, 422.210. He may then seek judicial review. Id.

In the present case, the Commissioner has presented unrefuted evidence that Plaintiff has not received a "final decision" as set out in Section 205(g) on any matter before the Commissioner. Consequently, Plaintiff cannot seek judicial review at this time. See 20 C.F.R. §§ 404.981, 422.210.

Plaintiff has not alleged any permissible basis for waiver of the exhaustion requirement. Courts may excuse a claimant from exhausting administrative remedies "in certain special cases," such as when the claimant raises a challenge wholly collateral to his claim for benefits and makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits. Heckler v. Ringer, 466 U.S. 602, 618 (1984); but see Schweiker 487 U.S. at 424 (holding that constitutional claims arising under the Social Security Act are subject to administrative exhaustion). Courts may not, however, excuse a claimant's failure to present his claim to the agency, since that element of § 405(g)'s exhaustion requirement is "nonwaivable." Ringer, 466 U.S. at 617. Here, Plaintiff has alleged no basis for excusing his failure to exhaust.

Accordingly, the motion to dismiss of the Commissioner is GRANTED with prejudice, and the clerk is DIRECTED to enter judgment.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE